Commonwealth, Suggesting Ephraim R. Miller, Plff. in
Err. *v.* Ira Shipman, Admr. of Abraham Shipman,
Dec'd., and Silas R. Conrad et al., Admrs. of George
Conrad, Dec'd.

The fact that an administrator made payment to a distributee before the
auditor's report was filed and confirmed does not prevent the administra-
tor from taking the benefit of the payment as such.

(Decided May 10, 1886.)

Error to the Common Pleas of Northumberland County to
review a judgment for defendants in an action of debt. Af-
firmed.

The facts appear in the following portions of the charge of
the court below:

This is an action of debt brought by the commonwealth of
Pennsylvania, suggesting Ephraim R. Miller as plaintiff,
against Ira Shipman, administrator of Abraham Shipman, de-
ceased, Silas Conrad, and Henry Conrad, administra-
tors of George Conrad, deceased,—to recover the amount of the
plaintiff's distributive share of the proceeds of the sale of his
mother's real estate. His mother's name was Sarah Miller; she
died some time before the 22d of February, 1873. On that day
Judge Abraham Shipman was appointed her administrator. He
went on and administered the personal estate, and some few
years afterwards filed his account, and about that there is no dis-
pute.

Then in the same year proceedings in partition on Mrs.
Miller's real estate were instituted in the orphans' court of this
county, and the inquest, not being able to make an equal di-
vision of the land among her heirs, made a valuation; and it
not being accepted by any of the heirs, on the 6th of November,
1873, Ephraim R. Miller petitioned the court for an order of
sale, and on that day the court granted an order of sale directed
to Abraham Shipman, the administrator, and required him to

NOTE.—The same determination was made in Charlton's Appeal, 88 Pa.
476.

give bail in the sum of $20,000. George Conrad, who is now deceased, and whose administrators are codefendants in this case, became bail and was approved by the court. A bond was filed, signed by the parties, on the 14th of November, 1873. On the same day the order of sale issued. On the 5th of January, 1874, the administrator reported to the court that he had sold the real estate in pursuance of this order of sale, some time before, —in the month of December, I think,—to William R. Miller, for the sum of $8,600. This report of sale was afterwards confirmed by the court, and on the 6th of July, 1876, the administrator filed an account exhibiting the balance in his hands arising from the sale of the real estate, amounting to the sum of $7,746.12. An auditor was appointed to make distribution among the heirs of Sarah Miller, deceased, who made his report on the 4th of June, 1877, and which report was confirmed by the court. The auditor in his report awarded to E. R. Miller, the use plaintiff in this case, the sum of $1,540.37, he being one of the sons and heirs at law of Sarah Miller, deceased. This sum of money E. R. Miller was entitled to receive as his share of the proceeds of the sale of his mother's real estate. About that there is no question or dispute.

The suit we are trying was brought by Ephraim R. Miller on the official bond of the administrator of Sarah Miller, deceased, against his administrator and the administrators of his bail, George Conrad, to recover this sum of money; that is, this share that was awarded to E. R. Miller, and if Mr. Miller, the plaintiff, has not been paid, he is entitled to a verdict for this amount.

The defendants have put in the plea of payment. . . . The plaintiff's counsel contend that it is necessary, in order to sustain the plea of payment, that the defendants should show that the plaintiff was paid the amount awarded to him by the auditor, after the auditor's report was filed and confirmed by the court.

I cannot charge you that this is so. We think, if the defendants have shown that the plaintiff E. R. Miller was paid the amount of the distributive share by Judge SHIPMAN at any time before or since the auditor filed his report, that the plea of payment would be sustained. If Judge SHIPMAN, the administrator, paid E. R. Miller in advance,—that is, before he filed his account and before the auditor made his report and ascer-

tained the exact amount of the distributive share of Mr. Miller, —it would be a good payment; and it would be unjust for him to claim now that he was not paid and to set up as a defense in this case that all evidence of payments ought to be rejected because it is not shown that the payments were made after the auditor's report was filed.

The counsel for the plaintiff request the court to charge the jury as follows:

"The defendants in this suit having pleaded payment to the plaintiff's cause of action, they were compelled to show that they had paid the plaintiff, since the report of the auditor in this case was filed, the amount awarded to him, to sustain the plea. Payments made before that, without specifying that such payments were made on account of the distributive share of the real estate due the plaintiff or to become due, are not admissible without notice that the receipts would be offered for that purpose; and when payment, such as the receipts in question in this suit, was made more than six years before the offer in court and without notice, the plaintiff had a legal right to object to their being allowed, on the ground that they were barred by the statute of limitations."

I cannot answer this point as requested. I cannot charge you that the defendants, having pleaded payment, were compelled to show that they had paid the plaintiff the amount awarded to him, since the report of the auditor was filed. If the plaintiff was paid, by direct payments made by Judge Shipman, administrator of Sarah Miller, deceased, the amount of his share of the proceeds of the sale of her real estate before the report of the auditor was filed, we think the plea is sustained.

It is for the jury to determine from the evidence in the case whether the payments made before the report of the auditor was filed were made on account of the distributive share of E. R. Miller in the real estate of Sarah Miller, deceased; and it was not necessary to give notice that the receipts or other evidence of payment would be offered in evidence.

The jury returned a verdict for defendants, and the plaintiff brought this writ, alleging as error the admission in evidence of certain receipts and the answer of the court to plaintiff's point, as above.

*S. B. Boyer,* for plaintiff in error.—The proper time and place to adjust this matter was before the auditor, because the prayer of Abraham Shipman, the accountant, for the appointment of an auditor, was to make distribution of the balance in his hands to and among those entitled to receive the same.

Under the petition and order of court Mr. Miller, the plaintiff in error, appeared before the auditor and claimed the money as the person entitled to receive it. Mr. Shipman and his counsel stood by and agreed to it. If the position of the defendants be correct, there was nothing due the plaintiff in error; and Mr. Shipman had a right, under the authority of Brice's Appeal, 95 Pa. 145, and cases cited, to have the money awarded to himself, by showing that he had advanced to E. R. Miller his full share in said estate.

The defendants in this suit could only put in evidence under the plea of payment such facts as tend to prove common-law or actual payments, either in money or by the transfer of choses in action or other property accepted as money. Steiner v. Erie Dime Sav. & L. Co. 98 Pa. 591; Hamilton v. Moore, 4 Watts & S. 570.

The plea of payment confesses the cause of action set forth in the plaintiff's statement.

The receipts are not direct payments. At most they could only be used as a set-off, under the rules of court, by giving notice of special matter. Covely v. Fox, 11 Pa. 171; Wise-carver v. Kincaid, 83 Pa. 100; Gilmore v. Reed, 76 Pa. 462.

*Geo. B. Reimensnyder,* for defendants in error.—In Bryson v. Ker, 4 Serg. & R. 308, it was held that under the plea of payment the defendant might prove that the plaintiff had agreed that certain moneys to be paid by the defendant should be deducted from the amount of the bond, and that he had paid them without having given the notice of special matter required by the eleventh rule of the court of common pleas of Columbia county.

In Covely v. Fox, 11 Pa. 171, it was held that the plea of payment has a twofold character, one being strictly legal, the other equitable,—equitable when accompanied with notice of special matter constituting a defense in equity.

Without such notice the plea has no more than its common-

law effect, and of course the proof is confined to what the common law recognizes as payment.

In Hobson v. Croft, 9 Pa. 364, it was held that under the plea of payment it is competent to show what was the consideration of the note in suit, and that this had been paid since the note was given.

In Moyer v. Fisher, 24 Pa. 513, it was held that, in general, notices of special matter are only necessary where it is intended to give evidence of matters not properly admissible under the pleading. The matters properly admissible under any particular plea, such as direct payments under the plea of payment, may, it is said, be given in evidence without notice of special matter. See Pilling's Appeal, 3 W. N. C. 252.

PER CURIAM:

The plaintiff had no wrong to redress. The jury have found that he had been fully paid. The fact that the payment preceded the time when the same could have been enforced presents no just cause for compelling its payment the second time.

Judgment affirmed.